# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

OLGA ALVARADO,     §
   Plaintiff,     §
            §
v.           §    CIVIL ACTION NO. H-06-4047
            §
MAINLAND MEDICAL CENTER, §
   Defendant.    §

## MEMORANDUM AND ORDER

The dispositive issue in this employment case is whether the "Separation Agreement and General Release" ("Release") signed by Plaintiff Olga Alvarado in exchange for seven weeks severance pay is valid and precludes this lawsuit. Based on the Court's review of the full record in this case, and the application of governing legal authorities, the Court holds that the Release is valid and binding. Defendant Mainland Medical Center is entitled to summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Defendant for eighteen years prior to her termination in January 2006. Plaintiff filed a First Amended Complaint [Doc. # 13] alleging that the termination of her employment was the result of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*

In its Answer to Plaintiff's Complaint, Defendant asserted the Release as an affirmative defense.  *See* Answer [Doc. # 5], ¶ 4.  During the initial pretrial conference on March 19, 2007, the Court discussed with Plaintiff's counsel whether Plaintiff could pursue her claims in light of the Release Plaintiff signed at the termination of her employment with Defendant.  The Court directed counsel to investigate and research the issue, and to file a letter brief setting forth Plaintiff's position regarding the effect of the Release.  *See* Hearing Minutes and Order [Doc. # 10].

Plaintiff complied, arguing that the Release is invalid because Plaintiff suffered from economic duress and "discombobulation."  *See* Plaintiff's Letter Brief [Doc. # 12].  Defendant filed a Response, which the Court converted to a Motion for Summary Judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See* Order [Doc. # 15].  Plaintiff filed her Opposition [Doc. # 16] to the converted Motion for Summary Judgment, and Defendant filed a Reply [Doc. # 17].  The converted Motion for Summary Judgment has been fully briefed and is now ripe for decision.

## II.   <u>SUMMARY JUDGMENT STANDARD</u>

"For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements."  *Bank of Louisiana v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v.*

*Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).  The facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden.  *Morris v. Covan World Wide Moving, Inc.*,  144 F.3d 377, 380 (5th Cir. 1998).

## III.   VALIDITY OF THE RELEASE

A release of claims under Title VII is generally enforceable.  *See Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 321 (5th Cir. 2003).  Indeed, public policy favors

the knowing and voluntary settlement of discrimination claims.  *See id.* (citing *Rogers v. Gen. Elec. Co.*, 781 F.2d 452 (5th Cir. 1986)).

In this case, it is undisputed that Plaintiff signed the Release dated January 31, 2006.  The Release provides consideration in the form of payment of "a severance amount equivalent to seven (7) weeks pay, less applicable withholdings, the receipt and sufficiency of which is hereby acknowledged . . .."  *See* Release, Exh. 1 to Affidavit of Jennifer Johnson, attached as Exh. A to converted Motion for Summary Judgment [Doc. # 14].  Plaintiff admits that she received the seven weeks severance pay.[1]  The Release covers all causes of action including claims under Title VII.  *See id.*  If the Release is valid, filing this lawsuit asserting claims under Title VII would constitute a breach of the Release.

In determining whether a release was knowing and voluntary, the Court considers a number of factors including:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of [the] plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

---

[1]    Plaintiff does not offer to return to Defendant the severance pay she received as consideration for what she asserts was an invalid release.

*O'Hare v. Global Natural Res.,* 898 F.2d 1015, 1017 (5th Cir. 1990).   In this case, Plaintiff has adequate education to have worked as a scheduler for a medical center, where she had eighteen years experience.   The Release acknowledges that Plaintiff was offered at least twenty-one (21) days to consider its terms.   It is undisputed that Plaintiff was given the Release during a meeting on January 30, 2006, that she took it with her after the meeting, and that she signed and returned the Release the next day. The Release further provides that Plaintiff had seven (7) days "following the execution of [the Release] to revoke [the Release] by written notice."   *See* Release.   The Release is a single page, and is clear and concise.   Although there is no evidence that Plaintiff consulted an attorney before signing the Release, she was given the right and the opportunity to do so.   *See* Release.   As consideration for signing the Release, Plaintiff was paid seven weeks severance pay, an amount to which she was not otherwise entitled.   Based on a review of the uncontroverted evidence in the record, the Court concludes that the Release was knowingly and voluntarily signed.

Once a defendant establishes that the plaintiff knowingly and voluntarily signed a release that covers the claims at issue, that the plaintiff received adequate consideration for signing the release, and that filing the lawsuit breached the release, the plaintiff "has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense."   *Williams v. Phillips*

*Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994). Plaintiff asserts that the release is invalid because of economic duress. To establish that a release is invalid because of economic duress, the plaintiff must prove that there is (1) a threat to do something that the threatening party has no legal right to do; (2) fraud or deception; and (3) the threat must be imminent, of such a nature as to destroy one's free agency, and without a present means of protection. *See Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980); *Uherek v. Houston Light and Power Co.*, 997 F. Supp. 789, 793 (S.D. Tex. 1998); *Preston v. Pegasus Solutions, Inc.*, 2006 WL 757960 *4 (N.D. Tex. Mar. 23, 2006). Plaintiff asserts, without supporting evidence, that she was confused and upset because her employment was being terminated in violation of Title VII. The alleged duress may not, however, be based on the same allegations of discrimination and retaliation as the underlying Title VII claims. *See Uherek*, 997 F. Supp. at 794. Even if Plaintiff could prove duress by showing that Defendant violated or threatened to violate Title VII, she fails to present evidence to establish the remaining elements of economic duress. Plaintiff neither alleges nor presents evidence of fraud or deception by Defendant in connection with obtaining her signature on the Release. Plaintiff does not allege or present evidence that any threat made by Defendant to obtain the Release was imminent, was such that it could destroy one's free agency, or was without a present means of protection. Indeed, it is undisputed that Plaintiff could have taken weeks to

consult with an attorney and decide if she wanted to sign the Release, took the Release with her and did not return it until the next day, and could revoke the Release within a week after signing it.

Plaintiff also asserts, without supporting evidence, that she signed the Release because she needed the money. "That Plaintiff needed money at the time [she] signed the document does not rise to the level of economic duress." *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 632 (W.D. Tex. 2005) (holding that the plaintiff's signing of a release because he needed money to fix his truck and to care for his terminally ill wife did not constitute duress) (citing *Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 129 (5th Cir. 1993); *Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980)).

Plaintiff has failed to present any evidence, and her allegations do not rise to the level of economic duress. As a result, the uncontroverted evidence establishes that the Release is valid and enforceable.

## IV.   <u>CONCLUSION AND ORDER</u>

Defendant has established the existence of a Release, signed by Plaintiff in return for adequate consideration and releasing the Title VII claims asserted in this lawsuit. Plaintiff has failed to present evidence to support her argument that the Release is invalid because it was signed under economic duress. Accordingly, it is hereby

**ORDERED** that Defendant is entitled to summary judgment on its affirmative defense that Plaintiff's claims are subject to a valid and enforceable release. The Court will issue a separate final order.

SIGNED at Houston, Texas, this 24th day of **April, 2007**.

Nancy F. Atlas
United States District Judge